## In the Case of Isaac C. Worrell.

1. It is error to issue a warrant against a husband for desertion on the application of the wife.

2. The overseers of the poor are to obtain the warrant.

3. The object of the law is, that the township may obtain indemnification for expenses in maintaining a deserted wife and children.

4. It is only for want of sufficient property to be seized under the warrant, that the husband can be arrested and brought before the magistrate to give bail for his appearance at court.

February 16th 1869. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

These were two writs of certiorari to the Court of Quarter Sessions of *Philadelphia:* No. 31, to July Term 1868, and No. 349, to January Term 1869, at the instance of Isaac C. Worrell.

The first writ removed proceedings as follows:—

Transcript from the docket of Alderman Thomas T. Holme.

"Directors, Poor of Oxford and Lower Dublin Townships,
             *v.*
Isaac C. Worrell. ·

                        June Term 1867.
                        No. 223.

Warrant issued on the 11th day of May 1867, *on oath of Emma S. Worrell*. Defendant charged with desertion of herself and two children, and neglecting to maintain them since October, A. D. 1866.

After hearing, defendant required to give bail in the sum of $400, conditioned for his appearance at the next term of court, &c."

On this transcript was endorsed:—

"And now, August 5th, A. D. 1867, the court having heard the parties in the above case, their proofs and allegations, order and decree that the said defendant, Isaac C. Worrell, pay the sum of four dollars per week for the support of his wife, Emma S. Worrell, and three dollars per week for each of his two minor children, from the 11th day of May, A. D. 1867, and give security in the sum of $800 for the faithful performance of this order, pay the costs and stand committed until the order is complied with."

The proceedings removed by the second writ were the docket entries of the court as follows:—

"City
   *v.*
Isaac C. Worrell.

                        June Term 1867.
                        No. 223.
                        Desertion, coram Judge Peirce."

The decree was precisely the same as is above stated.

[Worrell's Appeal.]

" City of Philadelphia  ⎫
          *v.*               ⎬          Desertion.
Isaac C. Worrell.       ⎭

April 14th 1868, Isaac C. Worrell, the defendant, pleads 'not guilty,' and petitions the court for an order, that the issues in this case may be inquired of by a jury of his peers.

April 17th 1868, prayer of petition refused.

April 14th 1868, the defendant, by his attorney, moves the court to rescind the order, and to quash the proceedings in this case, and assigns for cause that the Act of Assembly under which the proceedings are had are unconstitutional, in that, without the judgment of his peers, the defendant is deprived of his liberty and his property, and because he is deprived of his constitutional right of trial by jury of the issues involved in said case.

April 17th 1868, motion overruled,"

The following amongst other errors were assigned in the Supreme Court:—

1. In making the decree, because the case was not properly before them, the warrant being *illegally issued on the oath of Emma S. Worrell.*

2. In decreeing the payment of money in a suit entitled City *v.* Isaac C. Worrell, there being no such suit before them.

*E. R. Worrell,* for plaintiff in error, cited Act of June 13th 1836, § 29, Pamph. L. 545, Purd. 799, pl. 34; Commonwealth *v.* Nathans, 3 Barr 138; Overseers *v.* Smith, 2 S. & R. 363.

There was no argument or paper-book on the other side.

The opinion of the court was delivered, February 25th 1869, by

Agnew, J.—It was an error to issue a warrant on the application of Emma S. Worrell, the wife of the defendant. Neither the Act of 31st March 1812 nor that of 13th June 1836 authorizes such a proceeding on part of the wife. That of 1812 provides that the guardians of the poor, and that of 1836 the overseers of the poor shall obtain the warrant. The object of the law is to enable the township to have indemnification for the expense incurred in the maintenance of a deserted wife or children: Overseers *v.* Smith, 2 S. & R. 365. It is a part of the poor laws of the state. It was a question in Sterling *v.* Commonwealth, 2 Grant 162, whether a warrant issued at the suit of a single director of the poor was sufficient, but all the directors having joined in its execution, it was held sufficient by way of ratification. The very purpose of the warrant shows that it cannot be issued except at the instance of the guardians or overseers, for the first direction in it, is to levy on the goods and chattels of the deserting hus-

band, which must go into the hands of these officers, to be disposed of under the direction of the Quarter Sessions after a return of the warrant into that court. It is only for the want of sufficient property to be seized under the warrant, the body of the husband can be arrested and brought before the magistrate, who shall cause him to enter into bail for his appearance at the ensuing term of the court. But the point in this case has been decided in Commonwealth *v.* Nathans, 2 Barr 138, rendering it unnecessary to pursue the subject further.

There was evidently but a single case in the court below, the number, term, defendant and proceedings being the same in the warrant filed and upon the docket entry, the mistake being merely clerical in entering on the docket the name of the city in place of the directors of the poor of Oxford and Lower Dublin townships. It was unnecessary to issue two writs of certiorari. The proceedings returned upon the certiorari in the latter case are therefore quashed, and the certiorari in the case of the city is ordered to be nonsuited.